UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| The Johns Law Firm, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 4:22-cv-01877 |
| v. | § § | Consolidated with: |
| | § | No. 4:22-cv-01441 |
| Angela Pawlik, | § § | No. 4:22-cv-03458
No. 4:22-cv-04016 |
| *Defendant.* | § § | |

# MEMORANDUM AND ORDER

In this consolidated action that was referred to the undersigned judge, Defendant Angela Pawlik requests that the cases be transferred to the Western District of Texas for the convenience of parties and witnesses, pursuant to 28 U.S.C. § 1404(a). Dkt. 13 at 6-8. After carefully considering the motion, the response filed by Plaintiff The Johns Law Firm, LLC ("TJLF"), Dkt. 22, and Pawlik's reply, Dkt. 23, the Court concludes that Pawlik failed to meet her burden to show that transfer is warranted.[1]

---

[1] Motions to transfer are non-dispositive matters that a magistrate judge can resolve. *See Williams v. Louisiana*, 2020 WL 1808599, at *1 n.1 (M.D. La. Apr. 8, 2020) (collecting authorities).

## Background

Despite the proliferation of suits between the parties, *see* Dkt. 21 (consolidation order), their claims center around the same core issue: whether TJLF is entitled to a share of the life insurance proceeds recovered by Pawlik in a prior interpleader suit that was litigated and resolved in the U.S. District Court for the Western District of Texas, Midland-Odessa Division. Pawlik had retained TJLF to represent her in that suit in May 2020.[2] *See* Dkt. 1-1 ¶¶ 9-10. She signed a contingency fee agreement with TJLF, which was negotiated and drafted by one of TJLF's then-lawyers, Jeremiah Johns. *Id.* ¶ 10; *see also* Dkt. 22-1 at 1 (agreement between Pawlik and "The Johns Law Firm, LLC of Houston, Texas"). TJLF asserts that two of its lawyers, associate Blair Brogan and member Tony Hernandez, worked on Pawlik's case along with Mr. Johns. Dkt. 1-1 ¶¶ 11-12. Ms. Brogan and Mr. Johns worked in TJLF's Houston office. Dkt. 22 at 3. Both Hernandez, who is a member of TJLF, and another member, Donovan Francis, reside in Louisiana. Dkt. 1 ¶ 2.

According to her declaration, Ms. Brogan prepared and filed a summary judgment motion and a response to a cross-motion on Pawlik's behalf. Dkt. 22-3 ¶ 5. Before those motions were resolved, however, Mr. Johns had a falling out with TJLF's other members that led to Mr. John's departure from the firm.

---

[2] The following facts are taken from TJLF's pleading and the evidence presented in connection with the motion to transfer.

Dkt. 13 at 2-3 (Pawlik asserting that TJLF forced Johns out of the firm); Dkt. 22 at 4 (TJLF noting disputes with John). This led to Pawlik discharging TJLF in November 2020, allegedly without cause. Dkt 1-1 ¶ 13; Dkt. 22-3 ¶¶ 7-8. Pawlik then retained Mr. Johns's new law firm to represent her—Johns Law Firm PLLC. Dkt. 1-1 ¶ 13.

The Western District of Texas ultimately ruled for Pawlik and awarded her the $1,000,000 policy amount. Dkt. 1-1 ¶ 14; Dkt. 22-3 ¶ 10. The case settled after a notice of appeal was filed. Dkt. 1-1 ¶ 14. Pursuant to an agreed order, the district court then directed the issuance of a check for $850,000 plus interest, payable to Pawlik and Mr. Johns's new law firm, to be delivered to his firm. *Id.*; Dkt. 22-3 ¶ 11. The funds were then disbursed to Mr. Johns after the district court denied TJLF's request to intervene. Dkt. 22 at 5.

In April 2022, TJLF filed a suit in Harris County, Texas for breach of contract and quantum meruit, seeking a portion of the proceeds paid to Pawlik and Mr. Johns's new firm. Dkt. 1-1 ¶¶ 16-20. Pawlik removed the case to the wrong federal district, Dkt. 1, which resulted in an order transferring the suit to this Court, Dkt. 9. The parties' multiple related suits were later consolidated with this first-filed case. Dkt. 21.

Pawlik has now requested that the suits be transferred to the Western District of Texas. Dkt. 13. TJLF filed an opposition brief, Dkt. 22, to which Pawlik replied, Dkt. 23. The motion is ripe for resolution.

3

## **Legal Standard**

Federal law provides for transfer of a lawsuit to a different venue for "the convenience of parties and witnesses" and in the "interests of justice." 28 U.S.C. § 1404(a). "Thus, while a plaintiff has the privilege of filing his claims in any judicial provision appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc) (*Volkswagen II*). "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.* at 315.

When, as here, the suit could have been filed in a proposed transferee district, the inquiry under § 1404(a) addresses several private and public interest factors, "none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors consider: "(1) the administrative difficulties

flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

## Analysis

Pawlik contends that the relevant factors weigh heavily in favor of transferring these cases back to the Western District of Texas (Odessa-Midland division), where the suit that spawned this dispute was filed and resolved. Dkt. 13 at 7-8. TJLF disputes Defendants' analysis of the factors. Dkt. 22 at 6-14.

As detailed below, the private interest factors favor denying Pawlik's motion to transfer, albeit to varying degrees. The sole public interest factor raised by Pawlik is neutral. Pawlik therefore has not met her burden to show that a different venue is "clearly more convenient" than the current one. *Volkswagen II*, 545 F.3d at 315.

**I.    The private interest factors weigh against transfer.**

    **A.    Relative ease of access to sources of proof**

"The first [private-interest] factor focuses on the location of the relevant 'documents and physical evidence' relative to the transferee and transferor venues." *In re Orion Marine Constr., Inc.*, 2020 WL 8083679, at *3 (S.D. Tex. Dec. 21, 2020) (citation omitted). "That access to some sources of proof presents

5

a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316.

Pawlik does not meaningfully address this factor. As TJLF maintains, the location of non-witness evidence favors retaining the case here because "[v]irtually all of TJLF's services to Pawlik were rendered from Houston by two lawyers who remain in Houston—Mr. Johns and Ms. Brogan." Dkt. 22 at 8-9. In a sworn declaration, Ms. Brogan describes herself as "the lawyer who primarily handled Pawlik's case" for TLJF. Dkt. 22-3 ¶ 5. Ms. Brogan maintains that, before TJLF was discharged as Pawlik's counsel, she had "responded to a motion for summary judgment filed by the decedent's estate" and "drafted and filed a motion for summary judgment of our own." *Id.* ¶¶ 5-7. This is bolstered by TJLF's evidence reflecting that Ms. Brogan—who lives in Houston, *id.* ¶ 15—signed all the filings in the original suit other than Pawlik's answer. *See* Dkt. 21-2 (excerpts from filings in that suit).

The services Ms. Brogan provided therefore would be reflected in files held in TJLF's Houston office. Files reflecting Mr. Johns's work on Pawlik's case should also be in Houston, where Mr. Johns established his new firm after leaving TJLF. And, to the extent they are relevant, electronic filings in the original suit are as accessible here, in Houston, as in the Western District of Texas. The location of relevant documentary evidence weighs against transfer.

 B. **Convenience to non-party witnesses**

"Convenience for the witnesses has been recognized as the most important factor under § 1404(a)." *Md. Marine Inc. v. United States*, 2008 WL 2944877, at *3 (S.D. Tex. July 23, 2008) (internal quotation marks omitted). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

Contrary to the parties' insinuations, this factor does not hinge on "which party can present a longer list of possible witnesses located in its preferred district." *See Fin. Cas. & Surety, Inc. v. Zouvelos*, 2012 WL 2886861, at *2 (S.D. Tex. July 13, 2012) (quoting 15 Wright, et al., Federal Practice and Procedure § 3851). Instead, the analysis is qualitative, examining not only the witnesses' relative locations, but what their testimony would provide. *Id.*

Generally, "the convenience of non-party witnesses, rather than that of party witnesses, ... is accorded greater weight in a transfer of venue analysis." *Bennett v. Moran Towing Corp.*, 181 F. Supp. 3d 393, 399 (S.D. Tex. 2016) (quoting *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998)). "To designate a potential witness as 'key' under the inquiry, the movant must specifically identify the key witnesses and outline the substance of their testimony." *Hillestad v. LLOG Expl. Co., LLC*, 2018 WL 4938708, at *4 (S.D. Tex. Sept. 20, 2018) (internal quotation marks omitted). It is not

enough for the party seeking transfer just to allege, in conclusory fashion, "that the key witnesses are inconveniently located." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). Rather, "[t]he moving party must 'specifically identify key witnesses and outline the substance of their testimony.'" *Id.* at 775 (quoting *Hupp v. Siroflex of Am., Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)); *see also Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 710 (S.D. Tex. 2011) (rejecting defendants' general allegations that certain witnesses are needed and concluding that location of witnesses "does not favor transfer").

Neither party resides in either the proposed transferee district or within this district. Pawlik lives in Lubbock, Texas, Dkt. 1 ¶ 3, which is about two hours (120 miles) north of the federal courthouse in Midland-Odessa, and thus closer than the 8.5-hour drive (516 miles) to this Court in Houston.[3] Although TJLF has a Houston office, *see* Dkt. 22-1 at 1 (Pawlik's fee agreement with TJLF "of Houston, Texas"), it is a Louisiana law firm whose sole members, Donovan Francis and Tony Hernandez, live in New Orleans, Louisiana, Dkt. 1 ¶ 2; Dkt. 22 at 9. New Orleans, however, is closer to the Houston courthouse (350 miles) than to the one in Midland-Odessa (820 miles), and the Court

---

[3] The Court takes judicial notice of the distance between these cities. *See, e.g.*, *Hutchings v. MSJC Bonner Street Plaza, LLC*, 2012 WL 3150824, at *2 (E.D. Tex. Aug. 2, 2012) (taking similar notice of distances between cities when resolving motion to transfer).

8

agrees with the TJLF that flights to Houston are more readily available and generally less expensive. *See* Dkt. 22 at 11. Thus, transferring this case from Houston to Midland-Odessa would improperly "shift the inconvenience of the venue from one party to the other." *Pension Advisory Grp.*, 771 F. Supp. 2d at 710 (internal quotation marks omitted).

Importantly, too, Pawlik ignores the inconvenience that transfer would cause to at least one non-party witness who resides in this district: Blair Brogan, who previously worked as an associate with TJLF in Houston. Dkt. 22-3 ¶¶ 2, 15; *see also* Dkt. 23 at 2 (Pawlik explaining that Brogan now works at a different firm: Brogan Francis Hernandez, LLC). According to Brogan's declaration, she "was the lawyer who primarily handled Pawlik's case" for TJLF, including preparing the summary judgment briefing that ultimately led the trial court to award recovery to Pawlik after Mr. Johns left TJLF and Pawlik terminated TJLF as her counsel. Dkt. 22-3 ¶¶ 5-7, 10. Brogan also states that Pawlik "provided no basis for her discharge" of TJLF as counsel, and that Brogan and TJLF had "stood ready, willing, and able to continue representing Pawlik to the conclusion of the case." *Id.* ¶ 8.

While Pawlik disparages Brogan and downplays her contributions to the prior case, *see* Dkt. 23 at 2-3, 5-6, Brogan's testimony as a non-party witness is central to the core questions of whether TJLF provided legal services to Pawlik, was terminated without good cause, and should recover the value of its services

rendered before TJLF was discharged. *See Sewell v. Guillory*, 2017 WL 6521067, at *5 (Tex. App.—Beaumont 2017, pet. denied) (citing general standard from *Mandell & Wright v. Thomas*, 441 S.W.3d 841, 847 (Tex. 1969)). The inconvenience to Brogan of transferring the case to the Midland-Odessa area counsels against Pawlik's request.

In addition, Pawlik's arguments reflect that her current counsel—Mr. Johns—is likely to be another key fact witness, given that Johns's departure from TJLF led Pawlik to transfer the underlying case to Johns's new law firm. *See* Dkt. 23 at 2 (Pawlik asserting that disputes between Johns and others at TJLF led to Johns's withdrawal from TJLF and then Pawlik's transfer of the case to Johns's new firm). Although Mr. Johns apparently lives in Florida, Pawlik admits that his office and staff are in Houston. *Id.*

Mr. Johns's status as a critical witness raises problems that will be addressed by separate order.[4] But for present purposes, the Court finds no indication that requiring Mr. Johns's testimony in Houston, where his law firm is located, would be less convenient to him than testifying in Midland-Odessa.

---

[4] Given Pawlik's characterization of Mr. Johns's role, there are serious questions as to whether he can properly represent her. *See* Tex. R. Discipl. Conduct 3.08(a) ("A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client ...."); *see also Marin v. Gilberg*, 2008 WL 2770382, at *3 (S.D. Tex. July 11, 2008) (disqualifying an attorney from representing a law firm when the attorney "is a necessary fact witness that will provide extensive testimony at trial").

The remaining individuals mentioned in the parties' briefs have no demonstrated bearing on this inquiry. This includes the opposing counsel in Pawlik's original suit, who live in Dallas and Lubbock. Dkt. 22 at 10 (TJLF, mentioning Bill Davidoff and Judson Manning); Dkt. 23 at 4 (Pawlik noting but not addressing Davidoff or Manning). The same goes for two defendants in the original suit who allegedly "reside in Odessa, Texas." Dkt. 23 at 2 (Pawlik mentioning Candace Gol Wright and Clayton Dennis). Nowhere does Pawlik explain why any of the foregoing non-party witnesses would be needed, nor did she describe what their testimony would entail—as is her burden to do. *See, e.g.*, *Pension Advisory Grp.*, 771 F. Supp. 2d at 710 (rejecting assertion of inconvenience to witnesses without a sufficient showing of why those witnesses are needed and what testimony they would provide).

In sum, although litigating elsewhere would be more convenient for Pawlik, that "is not enough to justify transfer." *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). Retaining the case here would be more convenient for non-party witness Ms. Brogan, TJLF's representatives, and arguably Mr. Johns as well. This factor weighs against transfer.

### C. Compulsory process

Another factor considers the availability of compulsory process to compel witness testimony. "This factor is directed towards *unwilling* third-party witnesses." *Mathis v. Educare Cmty. Living Corp.-Tex.*, 2019 WL 13252677, at

11

\*2 (E.D. Tex. June 3, 2019) (emphasis added). "Because compulsory processes are unnecessary for willing witnesses, willing witnesses deserve minimal consideration under this factor." *Id.*

Neither TJLF nor Pawlik has indicated whether any witness would be unwilling to testify absent a subpoena.[5] TJLF notes that its two members who live and work in Louisiana, Hernandez and Francis, would not be subject to subpoena either here or in the Western District of Texas. This is true, given that even "a party's officer" can only be subpoenaed "within the state where the person resides, is employed, or regularly transacts business in person"— *i.e.*, in Louisiana. *See* Fed. R. Civ. P. 45(c)(1)(B)(i). But the Court finds it inconceivable that TJLF's sole members—who control TJLF and would benefit from TJLF's recovery—would refuse to testify on TJLF's behalf regardless of whether this case proceeds in Houston or in Midland-Odessa.

Non-party witnesses Ms. Brogan and Mr. Johns, who live or work in Houston, are outside the 100-mile subpoena range of the Midland-Odessa division but would be subject to compulsory process by this Court. *Compare* Dkt. 22 at 10 (citing Fed. R. Civ. P. 45(c)(1)(A)), *with* Dkt. 23 at 4-5 (Pawlik not disputing this assertion). Yet Mr. Johns's clear financial interest in the

---

[5] Because the opposing lawyers in the original case (Davidoff and Manning) and the defendants in the original suit (Wright and Dennis) have no demonstrated relevance to the merits of this case, *see supra* Part I.B, the Court does not consider the availability of compulsory process for them.

12

outcome of this case signals that compulsory process would be unnecessary to ensure his testimony. Moreover, as noted, Ms. Brogan has already provided testimony in this case by submitting a declaration. *See* Dkt. 22-3 (Brogan Decl.). Nothing indicates that she would refuse to testify if the case were transferred to Midland-Odessa. Thus, constraints on subpoena power may favor denial of transfer, but only minimally so. *See Mathis*, 2019 WL 13252677, at *2 (providing only "minimal consideration" for willing witnesses).

### D. Other practicalities

TJLF notes that keeping the case in Houston would maximize efficiencies because both Pawlik's attorney and TLJF's counsel are in Houston, and TJLF also has a Houston office. Dkt. 22 at 12. Contrariwise, neither party has counsel in Midland-Odessa, and Pawlik no longer lives there either. *Id.*

Pawlik does not address the efficiencies achieved by retaining the case here. The Court agrees with TJLF that, given counsels' location, "[t]rial in Houston would be far less expensive for the parties and lawyers than trial in Midland." *Id.* This practical consideration further weighs against transfer.

To summarize, whereas the availability of compulsory process favors this venue only slightly, the other private considerations indicate that retaining this case in Houston would maximize access to sources of proof, reduce burdens for witnesses (especially a non-party witness, Ms. Brogan), and reduce costs of litigation generally. Based on these factors, transfer is unwarranted.

## II. <u>Both the proposed transferor and transferee venues have an interest in deciding the case.</u>

Of the four public interest factors, Pawlik invokes only one: the local interest in having localized interests decided at home. Dkt. 13 at 8; *see Volkswagen I*, 371 F.3d at 203. Contrary to Pawlik's contention, this inquiry does not hinge on which court is most familiar with the underlying subject matter of the case. *See* Dkt. 13 at 8. Instead, the local interest factor considers whether the dispute at issue has a closer "factual connection" with the transferee or the transferor venue." *Volkswagen I*, 371 F.3d at 206. It "generally favors the venue where the acts giving rise to the lawsuit occurred." *Spirit Airlines, Inc. v. Ass'n of Flight Attendants-CWA, AFL-CIO*, 2014 WL 585344, at *6 (N.D. Tex. Feb. 14, 2014) (quoting *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008)).

Here, the relevant "acts giving rise to the lawsuit" occurred within both venues. As Pawlik notes, the interpleader action that spawned this case was filed and litigated in the Western District of Texas. Dkt. 13 at 8. That district has an interest in determining how funds stemming from a case resolved there should be disbursed. But TJLF, notwithstanding its Louisiana citizenship, represented Pawlik in that original case by providing legal services from its Houston office through its Houston lawyers. And the settlement funds at issue are being held by another Houston attorney—Mr. Johns. *See* Dkt. 22 at 13-14.

This district has an evident interest in resolving whether its local attorneys providing services here are entitled to a share of funds held by another local attorney, even if their services concerned a suit filed elsewhere.

Because the local interests are divided between both venues, this factor is neutral. This result, coupled with the balance of private interest factors, confirms that Pawlik has not demonstrated good cause for transferring this case under 28 U.S.C. § 1404(a).

## Conclusion

Balancing the factors, Pawlik has not demonstrated that litigating the case in the Western District of Texas would clearly be more convenient than proceeding in this Court. It is therefore **ORDERED** that Pawlik's motion to transfer venue (Dkt. 13) be **DENIED**.

It is further **ORDERED** that any prior stay is hereby **VACATED**.[6]

Signed on March 10, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

---

[6] Before consolidation, the deadlines in one of the cases were stayed. Dkt. 12, No. 4:22-cv-03458. Post-consolidation, the operative docket control order is found at Docket No. 20 of this lead case.

15