United States District Court
Southern District of Texas

**ENTERED**

May 04, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| The Johns Law Firm, LLC, | § § § | Case No. 4:22-cv-01877 |
| *Plaintiff,* | § § | Consolidated with: |
| v. | § § | No. 4:22-cv-01441 No. 4:22-cv-03458 |
| Angela Pawlik, | § § | No. 4:22-cv-04016 |
| *Defendant.* | § § § |  |

## <u>MEMORANDUM AND ORDER ON DISQUALIFICATION OF COUNSEL</u>

On March 1, 2023, the Court ordered Jeremiah Johns, counsel for Defendant Angela Pawlik, to explain why Mr. Johns would not be disqualified from representing Pawlik in this consolidated case, given that the record shows his testimony is material to the issues underlying the claims. Dkt. 29 (citing Tex. Discipl. R. of Prof'l Conduct 3.08(a)). Mr. Johns filed a brief responding to the order, to which Plaintiff The Johns Law Firm ("TJLF") filed its own response. Dkt. 30, 32. Mr. Johns also sought leave to file a reply brief, Dkt. 33, which the Court hereby **GRANTS**.

After carefully considering the parties' briefs—including Mr. Johns's reply, Dkt. 33-1—together with the record and the applicable law, the Court concludes that Mr. Johns is **DISQUALIFIED** from representing Pawlik at

trial but can continue representing her through pre-trial proceedings.

## <u>BACKGROUND</u>

The background to this case is explained in greater detail in the Court's previous Memorandum and Order denying Pawlik's motion to transfer. Dkt. 28 at 1-3.   Briefly summarized, this case is a dispute between Pawlik's counsel over attorneys' fees recovered as part of a prior $850,000 settlement in an insurance interpleader suit (the "Prior Suit").

During the Prior Suit, Pawlik was initially represented by TJLF—specifically, Mr. Johns and an associate, Blair Brogan. Dkt. 1-1 ¶¶ 11-12. The extent of Ms. Brogan's work on the case is hotly disputed.  *Compare, e.g.*, Dkt. 22-3 ¶ 5 (Ms. Brogan's declaration in support of TJFL's opposition to motion for transfer, asserting that she "was the lawyer who primarily handled Pawlik's [prior] case for the firm"), *and* Dkt. 34-9 ¶ 7 (declaration of TJLF manager, Donovan Francis, stating the same in support of TJLF's response to motion for partial summary judgment), *with* Dkt. 23 at 5-6 (Pawlik's reply brief in support of transfer, claiming that Ms. Brogan work on the Prior Suit "pales in comparison to the services provided by [Mr.] Johns, who handled the entire case from beginning to end").

Before the trial court ruled on cross-motions for summary judgment in the Prior Suit, Mr. Johns had a falling out with his fellow TJLF members, Tony Hernandez and Donovan Francis.  Although his account is heavily disputed,

2

Mr. Johns's filings in this suit accuse Hernandez and Francis of various acts of malfeasance. *See* Dkt. 31-5 ¶¶ 5-13 (Mr. Johns's declaration in support of Pawlik's motion for partial summary judgment); Dkt. 26-3 ¶¶ 5-13 (same declaration in support of Pawlik's opposition to TJLF's motion for judgment on pleadings); *see also* Dkt. 13 at 2-3 (similar allegations). *But see* Dkt. 34-9 ¶¶ 8-18 (Francis Declaration with radically different characterization of the underlying events).

The circumstances surrounding TJLF's withdrawal of representation in the Prior Suit are disputed, as is the extent of TJLF's communications with or disclosures to Pawlik. But the Prior Suit ultimately settled for $850,000, Dkt. 1-1 ¶ 14, and the proceeds were disbursed to Mr. Johns. *See* Dkt. 22 at 4-5; Dkt. 28 at 3. TJLF then filed this suit, which was removed to (the incorrect) federal district court, transferred to this Court, and consolidated with three other related suits between the same parties. *See* Dkt. 28 at 3 (memorandum and order recounting this history).

Pawlik filed a motion to transfer under 28 U.S.C. § 1404(a), Dkt. 13, which was denied. Dkt. 28. TJLF moved for partial judgment on the pleadings, Dkt. 25, and Pawlik moved for partial summary judgment ("MPSJ"), Dkt. 31. In the interim, the parties filed briefs addressing the Court's concerns with Mr. Johns's representation of Pawlik in this case. Dkt. 29 (Order); Dkt. 30 (Mr. Johns's response); Dkt. 32 (TJLF's response); Dkt. 33-1 (Mr. Johns's reply).

3

<u>Analysis</u>

As noted in the Court's prior orders—and as is apparent from the factual summary above—Mr. Johns is a key fact witness in this suit. *See* Dkt. 29; Dkt. 28 at 10 n.4. Settled law, explained below, disqualifies him from representing Pawlik at trial. But Mr. Johns can continue representing her through pre-trial proceedings, and the law permits an attorney from his firm to represent her during any subsequent jury trial.

**I.** **<u>Rule 3.08 limits a lawyer's ability to continue representation if he is also an essential witness in the case.</u>**

"[D]isqualification cases are governed by state and national ethical standards adopted by the court." *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). The rules of this Court incorporate the Texas Disciplinary Rules of Professional Conduct as "the minimum standard of practice ...." S.D. Tex. L.R., App'x A, R. 1A. But "norms embodied in the Model Rules and the Model Code" are also relevant when addressing attorney disqualification issues. *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995).

"The proscription against an attorney serving as both an advocate and a witness in the same litigation is a long-standing ethical rule." *Id.* at 1311. The relevant Texas Disciplinary Rule provides:

(a)     A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an

4

essential fact on behalf of the lawyer's client, unless:

(1)     the testimony relates to an uncontested issue;

(2)     the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3)     the testimony relates to the nature and value of legal services rendered in the case;

(4)     the lawyer is a party to the action and is appearing pro se; or

(5)     the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

Tex. Discipl. R. of Prof'l Conduct 3.08(a) (Lawyer as Witness); *see also id.*, Rule 1.15(a)(1) (requiring lawyer to withdraw if "representation will result in violation of Rule 3.08"). ABA Model Rule 3.7 is substantially similar to Texas Rule 3.08(a).[1]  *See* ABA Model R. of Prof'l Conduct 3.7 (2020). And the previous ABA Model Code includes a similar prohibition.[2]  *See* ABA Model Code of Prof'l

---

[1] ABA Model Rule 3.7 states:
(a)     A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1)     the testimony relates to an uncontested issue;
(2)     the testimony relates to the nature and value of legal services rendered in the case; or
(3)     disqualification of the lawyer would work substantial hardship on the client.

[2] DR 5-101 of the ABA Model Code states:
(B)     A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake

Resp. DR 5-101(B) (1980) (Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment).

These restrictions against lawyers serving dual roles as counsel and as witnesses strike a balance between a client's right to counsel of her choice and "considerations of ethics which run to the very integrity of the judicial process." *United Pac. Ins. Co. v. Zardenetta*, 661 S.W.2d 244, 248 (Tex. App.—San Antonio 1983, no writ).  One concern is that "the attorney's role as advocate may handicap the opposing counsel in challenging the credibility of the attorney ...." *Spain v. Montalvo*, 921 S.W.2d 852, 856 (Tex. App.—San Antonio 1996, orig. proceeding) (quoting *Warrilow v. Norrel*, 791 S.W.2d 515, 521 n.6 (Tex. App.—Corpus Christi 1989, writ denied)); *see also U.S. Fire Ins. Co.*, 50 F.3d at 1311-12 (acknowledging this concern in the Model Code).  In addition, an attorney who testifies as a fact witness may be placed "in the unseemly and ineffective position of arguing his own credibility ...." *Spain*, 921 S.W.2d at 856 (quoting *Warrilow*); *see also U.S. Fire Ins. Co.*, 50 F.3d at 1311 (same concern

---

the employment and he or a lawyer in his firm may testify:

(1)     If the testimony will relate solely to an uncontested matter.

(2)     If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3)     If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4)     As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

in Model Code that "lawyer-witness must argue his own credibility").

Moreover, "the roles of advocate and witness are inconsistent"; whereas an advocate's role "is to advance his client's cause," a witness's role "is to state facts objectively ...." *Spain*, 921 S.W.2d at 856 (quoting *Warrilow*). These conflicting roles could confuse a fact finder's attempt to ascertain if "a statement by the testifying attorney should be taken as proof or as analysis of the proof." *Id.* (citing Tex. Discipl. R. of Prof'l Conduct 3.08, cmt. 4); *U.S. Fire Ins. Co.*, 50 F.3d at 1311, 1316 (recognizing this concern; noting that comments to Model Rules "emphasize the possibility of confusion between an attorney's dual roles").

## II.  <u>Mr. Johns cannot represent Pawlik at any trial in this case, but he can represent her through pre-trial proceedings.</u>

In response to the Court's concerns, Mr. Johns maintains that he can properly represent Pawlik, even at trial, because his testimony would only concern "an uncontested issue" under the exception in Texas Disciplinary Rule 3.08(a)(1), or the "nature and value of legal services provided in the case" under the exception in 3.08(a)(2).  Dkt. 30 at 1-3.  Tellingly, however, Mr. Johns cites zero authority supporting these contentions.  Mr. Johns also states, without factual support, that his disqualification would cause "substantial hardship" to Pawlik under exception 3.08(a)(5).  *Id.* at 3.  As an alternative, Mr. Johns argues that another attorney at his firm should be able to represent Pawlik at

trial even if Mr. Johns himself cannot do so.

TJLF disputes Mr. Johns's contentions.  According to TJLF, Mr. Johns's own submissions—including his multiple declarations detailing his account of events transpiring before and after his departure from TJLF—underscore that Mr. Johns is a material fact witness on disputed issues central to this case. Dkt. 32 at 3-6.  TJLF also disagrees that Mr. Johns's testimony would concern the nature and value of legal services in *this* case—as opposed to the legal services provided in the *previous* case that gave rise to this suit.  *Id.* at 6-7. TJLF further notes that Mr. Johns has not substantiated any hardship to Pawlik if he were disqualified.  *Id.* at 7-8.  According to TJLF, Mr. Johns's disqualification must extend to his representation of Pawlik during pre-trial proceedings.  *Id.* at 9.

## A.  Mr. Johns is a necessary witness for highly contested issues.

Mr. Johns's insistence that his testimony would be limited to uncontested issues is frivolous on its face and falls outside Rule 3.08(a)(1)'s exception.  Dkt. 30 at 1, 3.  TJLF's quantum meruit claim requires proof that it provided legal services to Pawlik and was terminated without cause before the representation was completed.[3]  *See Mandell & Wright v. Thomas*, 441

---

[3] Pawlik asserted claims against TJLF in one of the related cases that was consolidated into this lead case. *See* Complaint, Dkt. 1, No. 4:22-cv-03458 (S.D. Tex. filed May 9, 2022).  By separate order, the Court will direct the parties to amend their

S.W.2d 841, 847 (Tex. 1969) ("In Texas, when the client, without good cause, discharges an attorney before he has completed his work, the attorney may recover on the contract for the amount of his compensation."). Mr. Johns has already proffered hotly disputed testimony on these points, based on his personal knowledge. *Compare* Dkt. 31-5 ¶¶ 2-22 (Mr. Johns's declaration in support of Pawlik's MPSJ); Dkt. 26-3 ¶¶ 2-22 (same declaration submitted in opposition to TJLF's Rule 12(c) motion), *with* Dkt. 34-3 ¶¶ 5-11 (Blair Brogan's declaration in support of opposition to Pawlik's MPSJ); Dkt. 34-9 ¶¶ 4-23 (Donovan Francis's declaration, disputing Mr. Johns's allegations).

For instance, Mr. Johns asserts that he, not Ms. Brogan, did most of the work on Pawlik's Prior Suit. *See* Dkt. 31-5 ¶ 14 (Johns alleging that he, not Brogan, "performed the overwhelming bulk of work" on Pawlik's case). Ms. Brogan's declaration says the opposite. *See* Dkt. 34-3 ¶ 5 ("I was the lawyer who primarily handled Pawlik's case for the firm.").

Pawlik has also raised various complaints stemming from Mr. Johns's internal dispute with his fellow TJLF managers. *See* Dkt. 31 at 9 (alleging

---

pleadings to ensure that all claims/counterclaims are consolidated in a single set of pleadings. For now, however, the Court notes that Pawlik has asserted affirmative claims of breach of fiduciary duty that rely in material part on disputed facts and allegations within Mr. Johns's personal knowledge. *Compare id.* ¶¶ 10-18, 27-28, 68 (alleging that TJLF engaged in conduct that prevented Pawlik from communicating with Johns), *with* Dkt. 31-5 ¶¶ 2-22 (Johns's declaration in support of MPSJ against TJLF's claims). This further underscores why Mr. Johns' testimony is necessary and will address key, disputed issues.

that TJLF members Hernandez and Francis made wrongful withdrawals, authorized Brogan to remove Mr. Johns as lead counsel, barred Mr. Johns's access to firm phone and email accounts, and that Hernandez made threats to Johns and falsely alleged to Mr. Johns's client that Mr. Johns had not disclosed settlement offers). She maintains that these incidents provided good cause for terminating TLJF. Dkt. 31 at 9-10. Yet Pawlik likely learned of these internal disputes from Mr. Johns himself. *See* Dkt. 34-3 ¶ 11 (Brogan observing that "Pawlik could not have been aware [of these issue] unless she was told by Johns"). Indeed, the bulk of these allegations dovetail squarely with Mr. Johns's declaration, *see* Dkt. 34-3 ¶¶ 5-13, and are controverted by a declaration submitted by TJLF member Donovan Francis, Dkt. 34-9 ¶¶ 8-21.

In short, Mr. Johns placed himself front-and-center as a necessary witness with personal knowledge of highly disputed facts. His own declarations, replete with disputed factual allegations, belie his insistence here that his testimony would be confined to uncontested issues or that his knowledge is otherwise limited to non-essential points that would not require his testimony at trial. *See* Dkt. 30 at 1-2; Dkt. 33-1 at 1-2. The exception in Rule 3.08(a)(1) does not apply.

### B. Mr. Johns's testimony would not be limited to the "nature and value of legal services" in this case.

Mr. Johns also claims that his potential testimony fits within Rule

3.08(a)(3)'s exception, which allows attorneys to testify about the "nature and value of legal services in the case ...." Dkt. 30 at 3; Dkt. 33-1 at 2. But as his declarations reflect, Mr. Johns's testimony attempts to discredit the work that his prior firm, TJLF, performed in the *Prior Suit*—not the reasonableness of any attorneys' fees sought in *this* case. *See* Tex. Discipl. R. of Prof'l Conduct 3.08, cmt. 6 (explaining that this exception addresses testimony about "the extent and value of legal services *rendered in the action in which the testimony is offered*") (emphasis added); *see also, e.g.*, *Rotella v. Mid-Continent Cas. Co.*, 2010 WL 11534479, at *1 (N.D. Tex. Jan. 25, 2010) (allowing attorney to continue representation where the disputed fees in the underlying suit were now moot, and the attorney clarified that he "intends to testify *only* concerning the value of the legal services *in this* case") (emphasis added). There is no basis for applying the exception in Rule 3.08(a)(3).

### C. There is no evidence of substantial hardship to Pawlik if Mr. Johns is barred from representing her at trial.

TJLF correctly observes that Mr. Johns presented no evidence that Pawlik would suffer substantial hardship if he were precluded from representing her at trial—a recognized exception under Rule 3.08(a)(5). Dkt. 32 at 7. This exception reflects "a balancing of the interests of the client and those of the opposing party." Tex. Discipl. R. of Prof'l Conduct 3.08, cmt. 7.

Here, the balance of interests favors disqualifying Mr. Johns from

serving as Pawlik's counsel at any jury trial.  Contrary to Mr. Johns's rhetoric, TJLF has not raised his disqualification for dilatory or strategic purposes.[4]  *See* Dkt. 33 at 5.  The issue was raised *by the Court*—not by TJLF.  The Court did so upon reviewing the parties' submissions, long before the close of discovery, to flag ethical concerns that it has inherent power to police.  Dkt. 20 (Aug. 2023 deadline for discovery); Dkt. 29 (Mar. 10, 2023 briefing order on disqualification issue); *see Davis v. Centurylink, Inc.*, 2023 WL 1787734, at *2 n.1 (S.D. Tex. Feb. 6, 2023) (raising analogous issue *sua sponte* and disqualifying counsel in part).

In his reply, Mr. Johns complains that requiring Pawlik to retain other counsel would entail additional cost.  Dkt. 33-1 at 5.  But disqualification mandated by Rule 3.08 always requires a client to retain new counsel.  Thus, the associated cost cannot be enough to exempt Mr. Johns from disqualification, lest the exception swallow the rule.  And in this case, the cost of retaining new counsel is mitigated by the Court's conclusions *infra*, Parts II.E & F, that Mr. Johns can continue representing Pawlik up until trial and

---

[4] Mr. Johns's reply—like his prior briefs—is replete with inflammatory language and personal attacks, including allegations that have no bearing on the issues before the Court.  *See* Dkt. 33-1 at 5-6 (deflecting by accusing TJLF of "dilatory and frivolous litigation tactics" that have nothing to do with Mr. Johns's compliance or non-compliance with Rule 3.08); *see also, e.g.*, Dkt. 23 at 2-3 (injecting, in a reply brief submitted to support transfer under Section 1404(a), inflammatory allegations against TJLF members and Ms. Brogan that were irrelevant to the pending motion to transfer).  Mr. Johns is cautioned to refrain from resorting to this type of rhetoric and to engaging in irrelevant sideshows in all future filings.

assist behind the scenes while a different attorney at Mr. Johns's firm represents her at trial.

Moreover, Mr. Johns's status as a material fact witness was apparent from the beginning. Mr. Johns has repeatedly injected factual allegations, based on his claimed personal knowledge, at every juncture of this case. He had the duty to apprise his client of this disqualification issue. The Court finds no basis for allowing Mr. Johns to represent Pawlik at trial.[5]

### D.  Another attorney at Mr. Johns's firm can represent Pawlik at trial, provided that she gives informed consent.

The conclusion that Mr. Johns cannot represent Pawlik at trial in this this suit does not, however, necessarily preclude a *different attorney* at Mr. Johns's firm from representing her at that juncture—so long as Pawlik gives her informed consent. *See* Tex. Discipl. R. of Prof'l Conduct 3.08(c) ("*Without the client's informed consent*, a lawyer may not act as an advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate.") (emphasis added); *id.*, cmt. 8 (explaining that "another lawyer in the testifying lawyer's firm may act as an advocate, provided the client's informed consent is

---

[5] Although not raised by Mr. Johns, the Court's conclusion is not altered by the fact that he and his new law firm are named as defendants in one of the consolidated suits. *See* Notice of Removal, Dkt. 1, No. 7:22-cv-00110 (W.D. Tex. filed May 6, 2022). Even if Mr. Johns were entitled to represent himself *pro se*, Rule 3.08(a)(4) does not permit his "hybrid representation" as counsel to Pawlik. *See Davis*, 2023 WL 1787734, at *2 (discussing *Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex. 1990)).

obtained"). Provided that informed consent is obtained, then another attorney at Mr. Johns's firm can step in to serve as Pawlik's counsel at any trial. *See, e.g.*, *In re Bahn*, 13 S.W.3d 865, 873-74 (Tex. App.—Fort Worth 2000, orig. proceeding) (concluding "the testifying attorney's law firm can continue to represent the client even though the attorney will testify, as long as the client gives informed consent").

### E.    Mr. Johns is not disqualified from representing Pawlik during pre-trial proceedings.

As an alternative, Mr. Johns argues—and TJLF disputes—that Rule 3.08 permits him to represent Pawlik at the pre-trial stage of this case, even if he cannot do so during the trial itself. Dkt. 30 at 3-4 (Mr. Johns, citing comment 8 to Rule 3.08); Dkt. 32 at 9 (TJLF contending that Rule 3.08(a)'s prohibition applies to pre-trial phase). Mr. Johns is correct.

"Courts have distinguished between a lawyer's role at trial and in pretrial matters or matters outside a jury's presence." *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, 2007 WL 735007, at *6 (S.D. Tex. Jan. 31, 2007). Indeed, the Texas Supreme Court has held that Rule 3.08 only "prohibits a testifying attorney from acting as an advocate before a tribunal, not from engaging in pretrial, out-of-court matters such as preparing and signing pleadings, planning trial strategy, and pursuing settlement negotiations." *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422

14

(Tex. 1996). That Court relied on comment 8 to Rule 3.08, which explains "[t]his rule does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal." *Id.* (quoting Tex. Discpl. R. of Prof'l Conduct 3.08, cmt. 8).

The decision in *Davis* explains why permitting a lawyer-witness to represent a client through pre-trial proceedings "makes perfect sense." 2023 WL 1787734, at *3. As noted above, Rule 3.08 safeguards against potential jury confusion where "one person acts as both an advocate and a witness." *Id.* (citing *Anderson Producing Inc.*, 929 S.W.2d at 423). "There is no concern of such confusion during pretrial proceedings that take place without a jury in the box." *Id.* (noting that "courts routinely allow a lawyer likely to be a witness to represent a client in pretrial proceedings but prohibit that same lawyer from serving as counsel at trial"). Mr. Johns's disqualification from representing Pawlik during a jury trial therefore does not preclude him from representing Pawlik in non-jury pre-trial proceedings in this case.[6]

---

[6] TJLF speculates that Mr. Johns's testimony could be adverse to his client's, which could prohibit him from serving as Pawlik's counsel under Rule 3.08(b), absent Pawlik's informed consent. Dkt. 32 at 8-9. This unsubstantiated contention does not alter the Court's conclusion. Rule 3.08 still would not disqualify Mr. Johns from serving as Pawlik's pre-trial counsel, nor would it conclusively prohibit another attorney from his firm from assuming the counsel role at any jury trial. *See* Tex. Discpl. R. of Prof'l Conduct 3.08(c) & cmt. 8; *see also, e.g.*, *U.S. Fire Ins. Co.*, 50 F.3d at 1314 (mere "remote possibility" that testifying attorney and client could "eventually find themselves at odds is much too tenuous a thread to support the burdensome sanction of law firm disqualification," particularly when both the Model Rules and Texas Rules permit the law firm to continue as counsel with the client's

## Conclusion

For the foregoing reasons, it is **ORDERED** that Mr. Jeremiah Johns's motion for leave to file a reply brief (Dkt. 33) is **GRANTED**.

It is further **ORDERED** that, due to his status as a necessary fact witness on disputed issues, Mr. Johns is **DISQUALIFIED** from representing Angela Pawlik at any jury trial in this consolidated case. Nevertheless, Mr. Johns is permitted to represent Pawlik during pre-trial proceedings. Another attorney from Mr. Johns's law firm may represent Pawlik during any jury trial, but only if Pawlik gives her informed consent.

Signed on May 4, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

---

informed consent).

16