United States District Court
Southern District of Texas
**ENTERED**
January 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| The Johns Law Firm, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Action No. 4:22-cv-01877 |
| Angela Pawlik, | § § § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON ATTORNEYS' FEES

Following entry of final judgment in its favor, Plaintiff The Johns Law Firm, LLC ("TJLF") timely filed an original motion for attorneys' fees, Dkt. 72, which it superseded with an amended version, Dkt. 73. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (14-day deadline). Since that time, the Fifth Circuit has affirmed the final judgment awarding $340,000 to TJLF on its claim for breach of contract. *See* Dkt. 88, 89.

After carefully considering TJLF's motion(s), Defendant Angela Pawlik's response, Dkt. 80, and TJLF's reply, Dkt. 83, it is recommended that TJLF's motion be granted in material part, and that TJLF be awarded $59,962.50 in reasonable and necessary attorneys' fees as the prevailing party under Tex. Civ. Prac. & Rem. Code § 38.001.

## Analysis

### I.    General framework: Attorneys' fees under Texas law

TJLF's fee application seeks $75,030 in attorneys' fees incurred through entry of final judgment. *See* Dkt. 73 at 4. Because Texas law governs the merits of this case, it likewise supplies the legal standard for recovering attorneys' fees. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). To secure an attorneys' fees award, TJLF must prove that: "(1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation ...." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019).

There is no dispute that Texas law permits TJLF to recover its attorneys' fees. TJLF was awarded damages on its breach-of-contract claim, which entitles it to seek such fees. *See* Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) (authorizing attorneys' fees for successful breach-of-contract claim). TJLF also presented its demand for attorneys' fees by letter dated May 3, 2022. *See* Dkt. 73-2 at 5; Tex. Civ. Prac. & Rem. Code § 38.002(2) (presentment requirement).

To substantiate the amount of attorneys' fees, TJLF invokes the lodestar method. *See* Dkt. 73 at 3. The lodestar analysis begins with "determining the reasonable hours worked multiplied by a reasonable hourly rate ...." *Rohrmoos*, 578 S.W.3d at 498. The fee claimant has the burden to establish those requirements. *See id*. Sufficient evidence includes, at minimum: (1)

what legal services were performed; (2) who performed them; (3) approximately when they were performed; (4) the reasonable time required for those services; and (5) the reasonable hourly rate for each person who performed those services. *See id.*

Multiple factors from *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), inform the analysis. Those factors include, at the very least:

(1)    the time and labor required;

(2)    the novelty and difficulty of the questions involved;

(3)    the skill required to perform the legal service properly;

(4)    the fee customarily charged in the locality for similar legal services;

(5)    the amount involved;

(6)    the experience, reputation, and ability of the lawyer or lawyers performing the services;

(7)    whether the fee is fixed or contingent on results obtained;

(8)    the uncertainty of collection before the legal services have been rendered; and

(9)    the results obtained.

*See Rohrmoos*, 578 S.W.3d at 500 (quotation omitted) (listing these *Arthur Andersen* factors that inform "the base lodestar calculation").

The lodestar figure derived from the foregoing considerations is presumptively reasonable. *See id.* at 496. That figure can then be adjusted

upward or downward based on considerations not included when determining the reasonable hours worked and reasonable hourly rate. *See id.* at 496, 501.

## II.   **The lodestar calculation**

In support of its fee application, TJLF submitted the declaration of its attorney, Brian Humphrey, Humphrey's curriculum vitae, and his law firm's time records. *See* Dkt. 73-1 at 2-23. Each component of the lodestar calculation is addressed separately below.

### A.   **The requested hourly rate is reasonable.**

TJLF requests that Humphrey's services be reimbursed at an hourly rate of $650. *See* Dkt. 73 at 4. Parties typically establish the reasonable hourly rate through affidavits of others practicing in the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). But "[t]he affidavits of counsel may alone be sufficient proof" of the reasonable hourly rate. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). Moreover, trial courts themselves are considered experts who can gauge the reasonableness of attorneys' fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)); *see also, e.g.*, *McMahon v. Zimmerman*, 433 S.W.3d 680, 693 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (similar observation).

Pawlik argues that the requested rate is excessive. *See* Dkt. 80 at 2. Contrary to Pawlik's assertion, however, the amount Humphrey's law firm pays for rent is immaterial to the inquiry. As a factual matter, TJLF has refuted Pawlik's speculation that Humphrey's firm does not have a permanent office space. *Compare* Dkt. 80 at 3-4 & n.11 (Pawlik's citation to liquidspace.com), *with* Dkt. 83-1 at 2 (Humphrey's supplemental declaration stating that his firm rents "two fixed, private offices" in downtown Houston for $2,265.00 per month). And as a legal matter, "[a] reasonable fee is not dependent on what a firm must recover to pay their overhead." *Hobbs v. EVO Inc.*, 2020 WL 13228375, at *1 (S.D. Tex. Mar. 19, 2020). To conclude otherwise would unjustifiably entitle larger firms to greater fees while minimizing fees to attorneys at smaller firms. *See id.* (rejecting notion that the size of firm and its attendant overhead should affect the recoverable fee).

Pawlik also cites two websites that purport to compile hourly rates of Texas attorneys: (1) www.clio.com, listing $307 as the "average hourly rate charged for collections" and $360 as the average hourly rate for civil litigation; and (2) www.lawpay.com, where a 2022 survey disclosed an average hourly rate of $313. *See* Dkt. 80 at 2-3. Pawlik maintains that Humphrey's reasonable hourly rate should be $306.00, "which is consistent with the average hourly rate charged in Texas for collections work." *Id.* at 4. Pawlik submits the declaration of her own counsel asserting that those website figures

are "credible" and consistent with his knowledge of hourly rates. *See* Dkt. 80-1 at 4. In reply, TJLF objects to Pawlik's reliance on the Clio and LawPay figures. *See* Dkt. 83 at 2-3.

TJLF's objections to Pawlik's figures are well-founded. The declaration of Pawlik's attorney purporting to embrace those figures does not render them relevant, much less reliable. Neither source provides sufficient indication that the survey results accurately capture the full range of attorneys' fees charged in any Texas locality.

Moreover, those figures do not substantiate the relevant rates in *this* community, much less for attorneys of similar qualifications and experience as Humphrey. The lodestar "looks to the prevailing market rates in the relevant community." *Rohrmoos*, 578 S.W.3d at 493 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). The relevant community here is the greater Houston area, where this Court sits. *See Tollett*, 285 F.3d at 368; *see also, e.g.*, *Cypers v. BankCard Cent., LLC*, 2024 WL 5047855, at *3 (E.D. Tex. Dec. 9, 2024) (citing *Tollett* and explaining that "[t]he relevant legal community is the community where the district court sits").

Pawlik's cited survey figures are further flawed because they fail to account for other important factors. These types of surveys "do not account for the rate that might be reasonably charged by an attorney with significant experience or expertise in the field." *See Est. of Gentry v. Hamilton-Ryker IT*

6

*Sols., LLC*, 2023 WL 5018432, at *4 (S.D. Tex. Aug. 7, 2023) (rejecting reliance on State Bar hourly rates report, noting the data "is far from the holy grail regarding hourly rates"), *adopted by* 2023 WL 5489046 (S.D. Tex. Aug. 24, 2023); *see also, e.g.*, *Rohrmoos*, 578 S.W.3d at 500 (attorney's "experience, reputation, and ability" inform the analysis).  Nor do these surveys account for case-specific considerations like "the novelty and difficulty of the questions involved," "whether the fee is fixed or contingent," or "the uncertainty of collection before the legal services have been rendered ...."  *See Rohrmoos*, 578 S.W.3d at 500 (listing these additional factors that inform the lodestar calculation).  Pawlik's reference to the surveys is disregarded.

Instead, the Court examines the particulars of Humphrey's representation in *this* case.[1]  Humphrey is an experienced, 14-year attorney who served as a law clerk to two appellate judges before practicing at a noted personal injury and commercial litigation boutique now known as, Abraham, Watkins, Nichols, Agosto, Aziz & Stogner.  *See* Dkt. 73-1 at 3.  In 2019, Humphrey started his own law firm, where he continues to practice personal injury and commercial litigation.  *See id.* at 3, 11.  Notably, Humphrey is also Board Certified in Civil Appellate Law, *id.* at 12—a distinction belonging to

---

[1] The Court need not address the qualifications of Humphrey's co-counsel, Michelle Humphrey, because it deems her work unnecessary to this case.  *See infra* Part II.B; Dkt. 73-1 at 16 (March 7, 2023, one-hour entry for discovery).

fewer than 400 attorneys in this state, *see* www.tbls.org/specialtyarea/AP (last visited Jan. 8, 2025) (399 board certified civil appellate lawyers in Texas).

Humphrey's appellate experience markedly benefitted TJLF's presentation of this case. Although not the most complicated of commercial cases, this dispute nevertheless required thorough briefing and analysis of authorities addressing the discharge or withdrawal of attorneys. The factual context was somewhat novel, as it involved a client's attempt to use disputes internal to her attorney's law firm to avoid her contractual obligation to pay the firm's contingency fee. These complexities negate Pawlik's attempt to minimize Humphrey's legal services by characterizing them as mere "collections work." *See* Dkt. 80 at 4. Rather, Humphrey employed his special expertise to prepare well-organized and well-researched briefs on moderately complicated issues, and to do so in a way that was helpful to this Court. Indeed, the undersigned's Memorandum and Recommendation, which the Court adopted, spanned 32 pages. *See* Dkt. 67; Dkt. 70.

As further justification for his hourly rate, Humphrey notably took this case on a contingency fee, which entailed significant risk. Such willingness to assume the risk of non-recovery can justify a "higher hourly rate of the attorney skilled and experienced enough to do so." *Rohrmoos*, 578 S.W.3d at 492 (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Importantly too, this Court is familiar with going rates of similarly qualified and experienced attorneys who practice commercial litigation cases in the Houston area. *See, e.g.*, *Thompson v. Cap. Link Mgmt., LLC*, 2024 WL 666119, at *3 (S.D. Tex. Jan. 31, 2024) ("The Court is itself an expert on reasonable rates and may consider its own knowledge and experience concerning reasonable and proper fees.") (quotation omitted), *adopted by* 2024 WL 665191 (S.D. Tex. Feb. 16, 2024). Although perhaps on the higher side, the Court nevertheless finds $650 per hour to fall within the range of reasonable market rates in this area, given Humphrey's special and beneficial expertise, the quality of his work, the nature and partial novelty of this dispute, and his contingent-fee representation of TJLF. In addition, Humphrey is currently billing and collecting that same hourly rate in more than two dozen cases. *See* Dkt. 83 at 4. TJLF's requested hourly rate of $650 is reasonable for this case.

**B.    The number of hours should be reduced by 23.45 to eliminate unnecessary or unreasonable hours.**

For the second component of the lodestar calculation, TJLF maintains that it should be reimbursed for 115.70 attorney hours that Humphrey and his colleague, Michelle Humphrey, spent collectively prosecuting TJLF's claims. *See* Dkt. 73-1 at 6. Pawlik objects to many of the entries in the billing spreadsheet because the descriptions are vague, they relate to lawsuits other

than this case, the time expended was excessive, or a combination of the above. *See* Dkt. 80-1 at 8-11 (Pawlik's chart).

The Court agrees with Pawlik that attorney hours spent on other cases, even if related, are not recoverable here. TJLF argues that Section 38.001 does not limit recoverable fees to the "specific lawsuit where they are recovered." Dkt. 83 at 5-6. That position ignores the *further* requirement—which applies to all fee requests—that the legal services be "*necessary* to the litigation." *Rohrmoos*, 578 S.W.3d at 498 (emphasis added).

TJLF's billing records include 20.2 hours of legal work on cases other than the one on which TJLF prevailed:

(1)    March 7, 2023: one hour spent (by Michelle Humphrey) on unspecified "discovery," even though no discovery was conducted in this case;

(2)    April 4, April 6, and April 7, 2022: total of 7.7 hours (i.e., 3.4 hours, 2.8 hours, and 1.5 hours, respectively), speaking with clients and reviewing and preparing a motion for stay and notice of appeal in a different case;

(3)    May 5, 2022: one hour drafting a separate complaint in another case (whereas this case was filed in state court on April 19, 2022, Dkt. 1-1);

(4)    July 6, 2022: 2.0 hours drafting and filing a motion for default judgment in a different case;

(5)    May 31, 2022: 8.5 hours on a motion to dismiss filed in another case.

TJLF has not adequately shown that these hours were necessary to achieve its recovery in this case. Rather, the record reflects that TJLF abandoned any

unique contentions in those other cases.  Hours spent pursuing those other cases are therefore not recoverable.

Pawlik also complains that certain billing entries lack sufficient description.  But billing records are not necessary to prove the reasonableness and necessity of attorneys' fees.  *See Rohrmoos*, 578 S.W.3d at 502.  Rather, courts determine "whether the evidence, as a whole, satisfied the minimum evidentiary requirements to support the fee award."  *Isomeric Indus., Inc. v. Triple Crown Res., LLC*, 2023 WL 6884172, at *6 (Tex. App.—Houston [1st Dist.] Oct. 19, 2023, no pet.) (citing, *inter alia*, *Rohrmoos*, 578 S.W.3d at 498; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762-63 (Tex. 2012)).

Most of the billing descriptions adequately specify the services performed by stating that they involved work on specific filings (e.g., "Response to motion to transfer venue" or "Motion for summary judgment") or reviewing certain orders.  *See* Dkt. 73-1 at 16-23.  The entries largely provide sufficient context for this Court to evaluate the reasonableness and necessity of the hours expended.  *See Isomeric Indus., Inc.*, 2023 WL 6884172, at *4 (collecting authorities that found similarly terse descriptions "sufficiently specific"). Particularly when accounting for the contents of the referenced filings and orders, the hours billed are largely reasonable and necessary to this litigation.[2]

---

[2] For example, an entry on November 1, 2022 lists one hour spent reviewing Pawlik's motion to transfer venue.  *See* Dkt. 73-1 at 18.  That is an entirely

Nevertheless, the Court concludes, as Pawlik contends, that a few entries are overly vague to substantiate that the hours expended were reasonable and necessary. A May 4, 2023 entry lists 1.5 hours "[r]eview[ing]" unspecified "orders." Dkt. 73-1 at 20. The order entered on that date is only two pages; it simply directs the parties to file amended pleadings by specific dates. *See* Dkt. 37. The Court therefore deducts 1.25 hours from this item, as .25 hours would be sufficient to review the two-page May 4, 2023 order.

Two other entries, totaling 4.3 hours, fail to distinguish between time spent preparing the pleading in *this* case from time spent on other cases. On April 19, 2022, TJLF filed two state-court pleadings: a seven-page original petition in this case, *see* Dkt. 1-1 at 1-7, and a ten-page application for writ garnishment on which TJLF did not obtain relief, as that case was removed to federal court, transferred to this Court, consolidated with this case, and mooted by TJLF's subsequent consolidated amended pleading.[3] But the time entries do not differentiate between those filings:

---

reasonable amount of time to spend reviewing Pawlik's filing, which had 74 pages, including attachments. *See* Dkt. 13. Most other entries are similarly justified, based on the length and complexity of the referenced filing.

[3] *See* Notice of Removal, *The Johns Law Firm, LLC v. Pawlik*, 4:22-cv-04016, Dkt. 1-1, (S.D. Tex. May 6, 2022) (Plaintiff's Application for Pre-Judgment Garnishment, filed April 19, 2022); *see also* Docket Sheet, *The Johns Law Firm*, 4:22-cv-04016 (transfer to S.D. Texas (Dkt. 11) and consolidation order (Dkt. 13)); Dkt. 37 (order to file consolidated pleadings); Dkt. 38 (TJLF's consolidated amended complaint). Although TJLF's amended pleading stated

(1)     April 7, 2022: 3.0 hours "[d]rafting new lawsuit"; and

(2)     April 18, 2022: 1.3 hours "[f]inaliz[ing] and fil[ing] petition."

Dkt. 73-1 at 16.  Having reviewed the two potentially relevant pleadings, the Court finds that these entries should be reduced by 2 hours to eliminate those unnecessary to this case, leaving a total of 2.3 hours for preparing TJLF's initial pleading in this suit.  No further reductions are warranted.

### C.     The base lodestar figure yields the proper amount of reasonable and necessary attorneys' fees here.

Deducting 23.45 combined hours from TJLF's requested total of 115.70 hours leaves 92.25 hours in recoverable legal services.  Multiplying that figure by Humphrey's reasonable hourly rate of $650 results in a total fee award of $59,962.50, which is $15,067.50 less than the amount sought by TJLF.

TJLF does not request any multiplier to the lodestar.  *See* Dkt. 73 at 4. And Pawlik does not attempt to rebut or present any evidence rebutting the reasonableness of the base lodestar figure.  *See generally* Dkt. 80; *see also Rohrmoos*, 578 S.W.3d at 496 (base lodestar is "presumptively reasonable"). The base lodestar of $59,962.50 is also proportionate to TJLF's actual damages (i.e., 17.64% of $340,000).  No adjustments to the base lodestar calculation are

---

it was reserving the right to seek garnishment, *see* Dkt. 27 at 1 n.1, TJLF did not pursue that relief.

warranted.  Accordingly, TJLF should be awarded $59,962.50 as its reasonable and necessary attorneys' fees in this case.

<u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff The Johns Law Firm, LLC's amended motion for attorney fees (Dkt. 73) be **GRANTED** in material part.  It is further **RECOMMENDED** that TJLF be awarded $59,962.50 as its reasonable and necessary attorneys' fees in this suit. It is further **RECOMMENDED** that TJLF's original motion for fees (Dkt. 72) be **DENIED AS MOOT**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on January 8, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge