United States District Court
Southern District of Texas
**ENTERED**
January 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE JOHNS LAW FIRM, LLC, | § |
| Plaintiff, | § § § |
| VS. | § § CIVIL ACTION NO. 4:22-CV-01877 |
| ANGELA PAWLIK, | § § § |
| Defendant. | § |

## **ORDER**

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on January 8, 2025 (Doc. #90), and Defendant Angela Pawlik's Objections (Doc. #91). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In her Memorandum and Recommendation, Judge Ho recommends the Court award Plaintiff The Johns Law Firm, LLC (the "Plaintiff") $59,962.50 in reasonable and necessary attorneys' fees as the prevailing party under Tex. Civ. Prac. & Rem. Code § 38.001. Defendant Angela Pawlik (the "Defendant") raises three objections: (1) the Magistrate Judge did not cite to specific authority when she approved an attorney's hourly rate of $650.00; (2) the Magistrate Judge refused to consider challenges to the hourly rate based on the firm's lack of traditional overhead expenses; and (3) the Magistrate Judge refused to consider challenges to vague time entries that lacked specific descriptions of the work performed.

As to Defendant's first objection, a court may rely on its own expertise and judgment to independently assess the reasonableness of an attorney's hourly rate. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (noting that trial courts are experts on the reasonableness of attorneys' fees). The Court finds that Magistrate Judge Ho conducted a proper independent assessment of the attorney's qualifications and the specific demands of this case in determining the reasonableness of his hourly rate. As to Defendant's second objection, the Court finds that Judge Ho correctly concluded that the firm's lack of customary overhead expenses had no impact on the reasonableness of the fee award. To reiterate, "[a] reasonable fee is not dependent on what a firm must recover to pay their overhead." *Hobbs v. EVO Inc.*, 2020 WL 13228375, at *1 (S.D. Tex. Mar. 19, 2020). Finally, the Court finds that Defendant's third objection is without merit. Judge Ho carefully considered Defendant's challenges to the vague billing entries that Plaintiff submitted. In fact, the attorney hours were reduced by 23.45 combined hours to eliminate vague, unnecessary, or unreasonable time entries.

Accordingly, the Court adopts the Memorandum and Recommendation as its Order, and Plaintiff's Amended Motion for Attorney Fees (Doc. #73) is GRANTED IN PART. Plaintiff is hereby AWARDED attorney's fees in the amount of $59,962.50. Furthermore, Plaintiff's original motion for fees is DENIED as MOOT. Doc. #72.

It is so ORDERED.

_____JAN 2 9 2025_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge